IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:20-cr-0098-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

1. MEGAN HESS
2. SHIRLEY KOCH

Defendants.

---

**DEFENDANT HESS'S UNOPPOSED MOTION TO EXLCUDE TIME AND FOR ENDS OF JUSTICE CONTINUANCE UNDER THE SPEEDY TRIAL ACT**

---

    Comes now defendant Megan Hess, by and through her attorney, Daniel Shaffer, and pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), moves this Court to exclude such time as necessary and appropriate from the speedy trial calculation, and for an "ends of justice" continuance of the trial and motions deadline, and in support thereof states:

    1.    Defendants Hess and Koch made their first appearance before a judicial officer of this Court on March 17, 2020, *see* 18 U.S.C. § 3161(c)(1), and the time for commencement of trial was calculated to expire on May 26th, 2020.

    2.    Defendant Koch filed an Unopposed Ends of Justice Motion to Exclude Time on March 20, 2020.

    3.    On August 28, 2020, the Court ordered that 250 days shall be excluded from speedy trial in Defendants Koch and Hess's cases.

    4.    On August 28, 2020, the Court reset trials in both matters for April 12,

2021.

5. Defendant Hess asks this Court to exclude from the computation of time to commence trial such time as sufficient to allow the parties to adequately prepare for trial, and to continue the April 12, 2021 trial date, on the grounds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant's interest in a speedy trial.

6. While the Defense cannot state with certainty how much additional time will be necessary to prepare for trial, Counsel believes six months is appropriate. Counsel bases this on the representation from the Government that most substantive disclosures have been completed. However, there are approximately thirty substantively charged acts and over one-hundred acts purported to be relevant to the indictment, all of which must be investigated. While investigation is underway, much remains to be done.

7. Specifically, an ends of justice delay is necessary for the following reasons:

   a. This case is complex and unique in nature. The Indictment charges the defendants with 6 counts of engaging in a scheme to commit mail fraud in violation of 18 U.S.C. § 1341 and § 2, and 2 counts of illegally shipping hazardous materials in violation of 49, United States Code, section 46312, and Title 18, United States Code, Section 2.21 U.S.C. § 841(a)(1). Each fraud count appears to involve a number of transactions involving the cremation, organ, body and tissue donation industry.

   b. Second, apart from a finding of complexity, the parties have met and conferred and believe that a failure to exclude the time and grant a

    continuance would unreasonably deny the defendant the time necessary for effective preparation for trial, taking into account due diligence. On this subject, Defendant Hess states:

c. Electronic discovery in this case is voluminous –As of a 3rd release of discovery on December 18, 2020, there are over ¼ million pages. Defense has utilized a litigation specialist for both Defendants to receive, sort, organize and render searchable all discovery. While this is and will continue to be critical to counsel, it will take more time to conduct a proper investigation and develop an appropriate theory of the case.

d. Preparation for trial will require extensive document examination, expert consultation and preparation, travel for witness interviews and collection of documents which are material to the presentation of a defense. The Defense for Defendant Hess has begun all the above, but much remains to be done.

e. The continuance is not being sought to accommodate the schedules of counsel. Undersigned counsel has exercised due diligence in becoming as familiar as possible with the case up to this point, given the time and resources currently available.

8. The government, through AUSA Jeremy Chaffin, does not oppose this request.

9. The factors the Court must consider in determining whether to grand a continuance pursuant to 18 U.S. C. 3161(h)(7)(A) are articulated in *United States v. West,* 828 F.2d 1468, 1469-70 (10th Cir. 1987), and consist of the following: the

diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and; the harm the appellant might suffer as a result of the district court's denial of the continuance.

10. The *West* factors are satisfied in the instant case.n Here, the defense has exercised diligence. Both counsel and their staff have spent collectively spent hundreds of hours poring over the voluminous discovery and preparing the case for trial by contacting witnesses, hiring and consulting with experts, and conducting legal research. Regardless, because discovery production in this case been on-going, many thousands of pages remain for both counsel and their defense team's review, an insurmountable task in the time between this Motion and the currently scheduled trial date. (Counsel would also point to their billing records on eVoucher as further evidence of their diligence in preparing the instant case for trial.)

11. Granting this requested continuance will accomplish counsel's need for additional time not only to continue their investigation of this case, which has as the rest of the world moved at a slower pace because of the ongoing COVID pandemic, but to also complete their review and analysis of all discovery, consult with necessary experts, and file appropriate pretrial Motions.

12. Counsel has conferred with the Government and the Government does not object to the defendant's request for a continuance. Many if not most of the witnesses are local residents who have lived here for very many years and have taken an active participation in following the course of the case since its inception years before a Grand Jury was even convened; they will not be inconvenienced by an ends of justice

continuance for such a relatively short period of time as compared to the pendency of the case.

13. Without a continuance, undersigned counsel will be unprepared for trial and the Defendant would suffer from ineffective assistance of counsel.

14. For all of the foregoing reasons, Defendant Hess respectfully requests this Court to find that the ends of justice outweigh the best interests of the public and her best interests in a speedy trial, and that accordingly, the Court should continue the trial in this matter and determine the number of additional days necessary to allow the parties to adequately prepare for trial and exclude such time from the computation of speedy trial, pursuant to 18 § 3161(h)(7)(A) and (B).

Respectfully submitted this 29th day of January, 2021.

s/ Daniel Shaffer
Daniel Shaffer
405 Ridges Blvd. Suite B
Grand Junction, CO 81507
Telephone: (970) 243-2552
Facsimile: (970) 243-3905
lawyerdan@danielshafferlaw.com
ATTORNEY FOR DEFENDANT
Megan Hess

CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of January, 2021 I electronically filed the foregoing **DEFENDANT HESS'S UNOPPOSED MOTION TO EXCLUDE TIME AND FOR ENDS OF JUSTICE CONTINUANCE UNDER THE SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

JEREMY CHAFFIN
Assistant United States Attorney
Jeremy.chaffin@us.doj.gov

Tim Neff
Assistant United State Attorney
Tim.neff@us.doj.gov

                                              s/ Daniel Shafer