**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00098-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   **MEGAN HESS,**
2.   SHIRLEY KOCH

      Defendants.

---

**GOVERNMENT'S MOTION FOR UPWARD VARIANCE RELATED TO DEFENDANT HESS FOR A TWO OFFENSE LEVEL INCREASE PURSUANT TO
18 U.S.C. § 3553(a)**

---

      The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, by and through Tim Neff and Rebecca Weber, Assistant United States Attorneys, hereby files this Motion for an Upward Variance related to Defendant Hess for a Two Offense Level Increase Pursuant to 18 U.S.C. § 3553(a).

      On July 2, 2024, the Tenth Circuit Court of Appeals issued an Opinion vacating the defendants' sentences and remanding the matter for further proceedings at a resentencing hearing. *U.S. v. Megan Hess and Shirley Koch*, 106 F.4th 1011 (10th Cir. 2024) (hereinafter "*Opinion*"). At the time of the original sentencing, the Court concluded that the applicable guideline for defendant Hess was 151 to 188 months

1

imprisonment based on a total offense level of 34 and criminal history category I. *Opinion* at 1021. Following remand for resentencing, the Government recalculated the loss amount under the guidelines for defendant Megan Hess as required by the Court. Ultimately, the Government's analysis resulted in a loss amount of slightly less than $550,000. *Govt's Resentencing Statement* at 2-3, [#384]. As a result, the government no longer intends to seek a 14-level enhancement pursuant to USSG § 2B1.1(b)(1)(H). *Id.* Rather, the government believes an enhancement of 12-levels for a loss amount between $250,000 and $550,000 is appropriate. USSG § 2B1.1(b)(1)(G). *Id.* If the Court applies the vulnerable victim enhancements but only a 12-level enhancement for loss, the guidelines range for Hess is reduced by 2 levels, to 121-151 months based on an offense level of 32. *Id.* at 16.

Despite this reduction in loss amount under its recalculation, the Government maintains that a total offense level of 34 is nonetheless appropriate, resulting in an advisory guideline range of **151 to 188.** In order to apply this higher guideline range, the Court would need to vary upwards by two offense levels. For the following reasons, the Government seeks a two-level upward variance and requests that a final sentence to **188 months[1]** for Hess be imposed.

---

[1] The Government is fully cognizant of the fact that at Hess's original sentencing, the Court provided a detailed and reasoned analysis warranting an upward variance based on multiple § 3553 factors. Many of these factors were not the subject of the Defendant's appeal and were not part of the remand. Ultimately, the Court imposed the statutory maximum of 240 months as for Hess. *Opinion* at 1022. At the resentencing, the Government seeks to maintain internal consistency with its early position as set forth in its original Sentencing Statement [#270] and within the Plea Agreement [#230]. To ensure it does not run afoul of its earlier position within its pleadings, the Government seeks only a two-level increase in offense level consistent with its

First, the government's revised loss amount calculation under USSG § 2B1.1(b)(1) -- $546,776.64 – is only slightly less than the $550,000 threshold that would trigger a 14-level increase. As acknowledged within the Government's Resentencing Statement, the recalculation using the Tenth Circuit analytical rubric involves applying a "subjective and difficult analysis." *Govt's Resentencing Statement* at 6. Given the close proximity of the loss amount to the cut-off level, the Court can find that an upward variance is warranted to account for the economic damage caused here.

Second, the ultimate loss amount under the guidelines – even if it remains below the $550,000 level – does not account for the extreme indifference and cruel depravity found in the nature of the Defendant's offense conduct. *See* § 3553(a)(1) (nature and circumstances of the offense are to be considered). As set forth in multiple victim impact statements (and recently submitted responses to victim questionnaires), the callous manner in which Hess disregarded victims' wishes and sold body parts of deceased loved ones cannot adequately be measured within the loss table of the guidelines. Indeed, the emotional damage for multiple victims was far greater than any dollar amount could ever measure. Numerous victims have endured years of personal torment, guilt, anxiety, and anger due to Hess's conduct and her wicked fraud scheme. Such emotional trauma is not adequately covered within the guidelines and cannot be valued in dollars and cents; instead, such harm can appropriately be accounted for with

---

earlier position. Should the Court opt to again vary upwards based on various § 3553 factors, the Government does not take a position on such a greater upward variance should it be imposed by the Court.

an upward variance.

Third, the history and characteristics of the Defendant under § 3553(a)(1) similarly justify an increase in Hess's offense level. As detailed within the original PSR [#251] and in various victims' statements, Hess demonstrated a pattern of false empathy and deceit to secure victims' business. Such conduct was outrageous. Hess repeatedly promised a number of victims that their loved one's remains would be cremated and returned to them when in fact she and her mother knew that they were selling the body parts of the victims' loved ones out of the backdoor of her funeral home. Hess's pattern of lies and falsehoods spanned the period of 2010 through 2018. The Defendant's repeated trickery and callous indifference towards her victims exposed a devious character trait which is not adequately captured under the guideline calculations. This is especially true when considering the fact that hundreds of victims were harmed during the scheme and many were left with untold emotional damage and haunting memories due to Hess's greed.

Finally, the Government adopts and re-incorporates the various grounds and § 3553(a) analysis it provided within its original Sentencing Statement. [#270]. Rather than repeat such analysis here, the Government maintains that its original request for 188 months imprisonment was fully justified. The Government's earlier filing discussed multiple § 3553(a) factors which justify increasing the Defendant's offense level by 2-levels.

WHEREFORE, the Government requests that the Court grant an upward

variance of two-levels and sentence the Defendant to 188 months imprisonment.

Respectfully submitted this 2nd day of December, 2024.

        MATTHEW T. KIRSCH
        Acting United States Attorney

        By: *s/ Tim Neff*
        Tim Neff
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0405
        E-mail: Tim.Neff@usdoj.gov
        Attorney for the government


        By: *s/ Rebecca Weber*
        Rebecca Weber
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0332
        Fax: (303) 454-0405
        E-mail: Rebecca.weber@usdoj.gov
        Attorney for the government

## CERTIFICATE OF SERVICE

    I certify that on this this 2nd day of December, 2024, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR UPWARD VARIANCE RELATED TO DEFENDANT HESS FOR A TWO OFFENSE LEVEL INCREASE PURSUANT TO 18 U.S.C**. **§ 3553(a)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                      By: *s/ Rebecca S. Weber*
                                             Assistant U.S. Attorney